REGAN, Judge.
Plaintiffs, Ernest and Clara Williams filed this suit to recover damages for personal injuries to Clara Williams and their two minor children, James and George, and for special damages, incurred as the result of a two car collision in the intersection of St. Bernard Highway and Paris Road on December 31, 1968. Plaintiffs alleged that the defendant driver, Samuel Steele, negligently caused the accident by attempting to illegally pass the Williams’ vehicle as its driver, Clara Williams, was endeavoring to execute a left turn. Also named defendants were Alma Holloway, owner of the automobile and her liability insurer, Fidelity and Casualty Company of New York.
The defendants answered and denied that its driver was negligent. They asserted that the accident occurred through the negligence of the plaintiff operator in that she attempted to execute a left turn from the right traffic lane while the defendant driver was passing her car legally in the left traffic lane. In third party pleadings, defendants alternatively alleged that the plaintiff driver was guilty of contributory negligence and requested that if judgment be rendered in favor of the minor guest passengers, then the plaintiffs should be held liable in solido with the defendants.
From a judgment awarding Ernest Williams $410.69 for medical expenses and property damage; $100 as natural tutor of, and for the use and benefit of George Williams;- and $250 as natural tutor of, and for the use and benefit of James Williams; and awarding Clara Williams $1400 for her personal injuries, the plaintiffs have appealed.
Their sole complaint is that the quantum awarded Mrs. Williams and her minor children for personal injuries was too low. Defendants have answered the appeal, requesting reversal by us on the question of liability, or alternatively, asking for a reduction in quantum.
Our review of the evidence convinces us the lower court properly concluded that the defendant driver’s negligence was the proximate cause of the accident. Immediately before the impact, plaintiff was driving northward on St. Bernard Highway and had stopped in obedience to a red traffic signal light at the intersection of Paris Road with her left turn indicator flashing so as to alert other motorists of the fact that she intended to execute a left turn. At this point the highway has one northbound and one southbound lane. When the signal light changed, Mrs. Williams began to execute a left turn; the defendant vehicle, also proceeding in a northerly direction, crossed illegally into the southbound lane and attempted to pass the Williams vehicle as it was turning left.
The defendant driver’s testimony was unconvincing since he could not explain how the accident occurred nor could he recall whether his vehicle was moving or stopped at the time. Considering the fact that there was only one lane of northbound traffic, defendant’s contention that Mrs. Williams turned improperly from the right lane into the defendant’s vehicle proceeding legally in the left lane is obviously without merit. Therefore, we affirm the lower court’s finding relative to liability.
*330 Turning our attention to quantum, the record discloses that Mrs. Williams and her minor children were treated by Dr. Emile Bertucci, a physician and surgeon. They first consulted him two weeks after the accident. Both children complained of pain in the cervical region. George, who was awarded $100, had no objective findings to support his complaints of slight pain. He was discharged after the initial visit. On that same day, James was examined and Dr. Bertucci testified he noted a slight muscle spasm in the neck region. He returned to the doctor four more times, twice in the latter part of February and twice in the beginning of March. However, there is no testimony concerning the duration of complaints of pain James is alleged to have suffered. His mother testified that he started bleeding from the ear some time after the accident; however, Dr. Bertucci’s records do not indicate that this complaint was made to him. In view of these facts we find no abuse of discretion by the lower court in fixing the award for James’ injuries in the amount of $250.
Mrs. Williams suffered more severe injuries. She first visited Dr. Bertuc-ci on January 14, 1969 and complained of pain in the back and the neck. He testified that he found muscle spasm in the lumbar and cervical region and an X-ray reflected a loss of the normal cervical lordotic curve. Dr. Bertucci stated this loss is attributed generally to muscle spasm. Her next visit was more than one month later on February 24th and this was the last time Dr. Bertucci made objective findings to support plaintiff’s complaint of pain. She visited Dr. Bertucci three times in March and once in June 1969, and although she was not discharged at this time, she did not return to his office until February 2, 1970. At that time she complained of back and neck pains again. From the medical testimony, the extent of treatment is not clear. And Mrs. Williams’ own testimony does not establish her duration of pain. It is apparent that she was injured as a result of the accident, however, she failed to adduce clear testimony as to the pain or disability resulting therefrom. Therefore, we find nothing in the record to warrant our concluding that the trial judge abused his discretion in awarding her $1400 for pain and suffering.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.